

Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED 08 JUN '11 10:50USDC-ORP

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **RUSSELL & MICHELLE HARTLY,** | Case No.: |
| Plaintiffs, | **COMPLAINT** CV '11 - 6 8 8 BR |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **QUICK COLLECT, INC.,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1.     This is an action for damages brought by a pair of married consumers for

Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.     Plaintiffs' claim for violations of the FDCPA arises under 15 U.S.C. §

1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.     Plaintiffs, Russell and Michelle Hartly ("Plaintiffs"), are each a natural

person residing in Clackamas County, Oregon.

\# 40910

4.     Defendant, Quick Collect, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.     All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.     Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiffs. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.     Repeatedly contacting Plaintiff at their places of employment after being informed that such calls are inconvenient to Plaintiff and/or violate the policy of their employers (§ 1692c(a)(1)(3)).

10.     After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt.  Plaintiff sent a letter disputing the debt to Defendant.  To the extent Defendant received a letter from Plaintiff giving Defendant 30 days in which to dispute the debt, Plaintiff's letter was within that time frame.  Defendant never validated the debt and has

continued to contact Plaintiff (§ 1692g(b)).

11.     Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.  Plaintiff also sent Defendant a letter requesting that Defendant cease and desist all collection contacts.  After receiving that letter, Defendant continued to contact Plaintiff by telephone (§ 1692c(c)).

12.     As a result of the aforementioned violations, Plaintiffs suffered and continues to suffer injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.     Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14.     Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15.     To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16.     Plaintiffs reincorporate by reference all of the preceding paragraphs.

17.     The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendant for violations of the FDCPA, §§ 1692c & 1692g.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages pursuant to 15 USC 1692k;

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

## PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY

Dated this 7th day of June, 2011.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff